## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM D. MORRIS,** | : | **CIVIL ACTION NO. 1:01-CV-1729** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DONALD H. RUMSFELD,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is plaintiff's motion in limine (Doc. 51) to
determine the admissibility of his favorable Equal Employment Opportunity
Commission ("EEOC") decisions.  Plaintiff seeks to admit the Bench Decision of the
EEOC Administrative Judge ("Bench Decision") and the decision of the Office of
Federal Operations ("OFO Decision").  For the reasons that follow, the court will
deny plaintiff's motion.

## I.    Background

At all relevant times, plaintiff was employed as a WG-5 Warehouse Worker
(Forklift Operator) by the Defense Logistics Agency ("DLA"), an agency of the
Department of Defense.  (See Doc. 5 ¶¶ 3-4.)  On August 25, 1992, plaintiff filed an
EEO discrimination complaint against the DLA alleging that the DLA discriminated
against him by failing to accommodate his medical restrictions.  (See Doc. 5 ¶ 12 &
Ex. A.)  After a hearing, an EEOC Administrative Judge ("AJ") issued the Bench
Decision, finding that plaintiff was a qualified individual with a disability and that
the DLA intentionally discriminated against him between February 27 and April 11,

1992[1] by failing to make any attempts to accommodate plaintiff's medical restrictions. The AJ recommended that plaintiff receive compensatory damages. (See Doc. 5 ¶ 13 & Ex. B.) On February 5, 1995, the DLA rejected the AJ's finding of discrimination between February 27 and April 11, 1992. (See Doc. 5 ¶ 15 & Ex. C.) Plaintiff appealed the DLA's decision and, on October 1, 1998, the EEOC issued the OFO Decision, which agreed with the AJ's findings.[2] (See Doc. 5 ¶¶ 16-17 & Ex. D.) On June 11, 2001, the DLA awarded plaintiff $12,500.00 in compensatory damages. (See Doc. 5 ¶ 21 & Ex. F.)

Disagreeing with the amount awarded, plaintiff instituted the instant action regarding his failure-to-accommodate claim. (See Doc. 1.) He subsequently amended the complaint to add a disparate treatment claim. (See Doc. 5.) The order of court dated September 9, 2003 (Doc. 23) granted plaintiff's motion for partial summary judgment. The court determined that a plaintiff is entitled to seek *de novo* review of a final agency decision on damages without risking *de novo* review of liability from a separate final agency decision. (See Doc. 23.) Defendant sought and was granted a certificate of appealability. (See Doc. 28.) On October 11, 2005, the United States Court of Appeals for the Third Circuit issued a mandate reversing this court's decision and holding that a *de novo* trial is required on all issues,

---

[1] The AJ also found that the DLA did not discriminate against plaintiff after April 11, 1992. (See Doc. 5 ¶ 13 & Ex. B.)

[2] On September 13, 2000, the EEOC denied the DLA's request for reconsideration. (See Doc. 5 ¶¶ 18-19 & Ex. E.)

regardless of whether the issues were determined in separate final agency decisions (i.e., trial in the instant matter cannot be limited solely to the issue of damages on plaintiff's failure-to-accommodate claim).  (See Doc. 35.)

Following the Third Circuit's mandate, the court scheduled a jury trial on all issues for May 7, 2007.[3]  (See Doc. 50.)  Plaintiff filed the instant motion in limine (Doc. 52), seeking a ruling that the Bench Decision and OFO Decision are admissible at trial.  The motion has been fully briefed and is ripe for disposition.

## II.   **Discussion**

The parties do not dispute that the Bench Decision and OFO Decision are hearsay.[4]  They dispute, however, whether an exception—Rule 803(8)(C) of the Federal Rules of Evidence—to the rule excluding hearsay[5] applies to these

---

[3] Prior to scheduling trial in the instant matter, plaintiff's petition for a writ of certiorari was denied by the United States Supreme Court and the parties attempted mediation.  (See Docs. 40, 42, 44, 48.)

[4] See FED. R. EVID. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

[5] See FED. R. EVID. 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.").

decisions.[6]  If the exception applies, defendants argue in the alternative that the

decisions are inadmissible because they are irrelevant or substantially more

prejudicial than probative.  See FED. R. EVID. 401, 402, 403.  Assuming, *arguendo*,

that the hearsay exception in Rule 803(8)(C) applies,[7] the court finds that the

decisions are substantially more prejudicial than probative and will deny plaintiff's

motion.

Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative
> value is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by considerations of
> undue delay, waste of time, or needless presentation of cumulative
> evidence.

---

[6] Rule 803(8)(C) of the Federal Rules of Evidence states:

> The following are not excluded by the hearsay rule, even though
> the declarant is available as a witness:
>                          * * *
> (8) Public records and reports.  Records, reports, statements, or data
> compilations, in any form, of public offices or agencies, setting forth . . .
> (C) in civil actions and proceedings and against the Government in
> criminal cases, factual findings resulting from an investigation made
> pursuant to authority granted by law, unless the sources of
> information or other circumstances indicate lack of trustworthiness.

FED. R. EVID. 803(8)(C).

[7] Citing Rule 803(8)(C), the United States Supreme Court, in *dictum*, stated
that "[p]rior administrative findings made with respect to an employment
discrimination claim *may*, of course, be admitted as evidence at a federal-sector trial
de novo."  Chandler v. Roudebush, 425 U.S. 840, 863 n.39 (1976) (emphasis added);
see also Coleman v. Home Depot, Inc., 306 F.3d 1333, 1339 (3d Cir. 2002) (discussing
Chandler and noting that the Third Circuit previously "held that it is within the
discretion of the District Court to admit or to refuse to admit the EEOC's findings of
fact and its determination on the merits of the charges").

FED. R. EVID. 403. This rule is an "umbrella rule" encompassing all federal rules of evidence, and, therefore, is applied to evidence otherwise admissible under hearsay exceptions, including Rule 803(8)(C). See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002). The Third Circuit has described analysis under Rule 403 as a "cost/benefit analysis" that should exclude evidence "if its probative value is not worth the problems that its admission may cause." Id. Deciding whether to exclude an EEOC report under Rule 403 is within the discretion of the trial court. Id. at 1344. In the matter *sub judice*, the court finds, given the information presented in the motion in limine and corresponding briefs, that the Bench Decision and OFO Decision should be excluded under Rule 403 for three reasons.[8]

First, the court finds that the EEOC decisions at issue have minimal probative value. These decisions do not contain a complete account of the evidence presented during the administrative proceedings. In the Bench Decision, the AJ set forth only those facts and testimony that she found relevant and probative. (See Doc. 5, Ex. B at 27 ("While all other matters appearing in the record of the complaint and hearing testimony were considered, they played no part in these recommended findings and conclusions because they could not be adequately established as fact, or were irrelevant to the issue, or lacked probative value.")).

---

[8] Even assuming, *arguendo*, that the Bench Decision was admissible, the court would exclude the OFO Decision under Rule 403 because it is needlessly cumulative. The OFO Decision offers no new factual findings or conclusions from the Bench Decision; it merely recounts the procedural history of the case and the findings of the AJ and affirms the AJ's findings. (See Doc. 5, Ex. D.)

Second, the court finds that admitting the EEOC decisions would be a needless presentation of cumulative evidence.  These decisions merely repeat facts and testimony that plaintiff will attempt to prove at trial, through witnesses with personal knowledge, to establish a *prima facie* case of failure to accommodate a disability.  See Kovacs v. Conmed Corp., No. 04-1667, 2006 WL 1340767, at *1 (E.D. Pa. May 11, 2006); Cambra v. Restaurant Sch., No. Civ. A. 04-2688, 2005 WL 2886220, at *4 (E.D. Pa. Nov. 2, 2005).  Plaintiff argues that because it has been twelve years since the EEOC hearing, "[i]t is *possible* that some of the witnesses who testified at the hearing are no longer available."  (Doc. 57 at 9 (emphasis added)).  Plaintiff's claim of unavailable witnesses is clearly speculation and, therefore, cannot alter the court's Rule 403 analysis.[9]

Third, the court finds that there is a substantial danger of unfair prejudice and misleading the jury.  The jury, unlike the court in a bench trial, may give undue weight to the decisions of the EEOC, a government agency.  See Kovacs, 2006 WL 1340767, at *2 ("Unlike a bench trial, 'a strong argument can be made that the jury would attach undue weight to this type of agency determination, viewing it as a

---

[9] This ruling does not affect plaintiff's ability to seek the admission of hearing transcripts for unavailable witnesses by complying with Rule 804(b)(1) of the Federal Rules of Evidence—an exception to the rule excluding hearsay.  See FED. R. EVID. 804(b)(1) ("The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: . . . Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.").

6

finding of discrimination.'" (citing <u>Cambra</u>, 2005 WL 2886220, at *4)).  The danger of

unfair prejudice and misleading the jury is particularly great in this case because

the EEOC decisions at issue come to the definitive conclusion that the DLA

intentionally discriminated against plaintiff.  <u>See id.</u>; <u>Cambra</u>, 2005 WL 2886220, at

*4 ("The difference between [an EEOC Letter of Probable Cause], which is 'more

tentative in its conclusions,' and [an EEOC Letter of Determination], which 'states

the categorical legal conclusion that a violation has taken place,' is 'significant.'"

(citation omitted)).  Likewise, the AJ in the Bench Decision states what evidence

persuaded her in making her determinations.[10]  Determining the credibility of

witnesses and the weight of the evidence is clearly the jury's responsibility.  <u>See</u>

Kevin F. O'Malley, Federal Jury Practice and Instructions § 101.10 (5th ed.

2006).  The court finds that exposing the jury to the AJ's *ratio decidendi* would

"unfairly influence the jury in this determination."  <u>Cambra</u>, 2005 WL 2886220, at

*5.

 The court also finds that these issues cannot be cured by a limiting

instruction.  The evidence at issue is simply too influential and too prejudicial.

Accordingly, the court finds that the probative value of the EEOC decisions at issue

are substantially outweighed by the danger of unfair prejudice and misleading the

jury.

---

 [10] (<u>See, e.g.</u>, Doc. 5, Ex. B at 24 ("In finding that the agency failed to
reasonably accommodate [plaintiff] . . . I am also persuaded by the testimony of
management assistant Sandra Shope.")).

Given the information presented in the motion in limine and corresponding briefs, the court finds that the danger of unfair prejudice and misleading the jury and considerations of needless presentation of cumulative evidence substantially outweigh the minimal probative value of the Bench Decision and OFO Decision. Accordingly, the court will deny plaintiff's motion.[11]  An appropriate order will issue.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        March 27, 2007

_____

[11] Plaintiff argues that defendant should be judicially estopped from opposing the instant motion because defendant argued a contrary position to the Third Circuit on interlocutory appeal.  (See Doc. 52 at 7-10; Doc. 57 at 12-13); New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (setting out "several factors [that] typically inform the decision whether to apply the doctrine" of judicial estoppel). The court is unpersuaded.  On interlocutory appeal, defendant argued that its contention that trial in the instant matter must be de novo on all issues, not just damages, was bolstered by the Supreme Court's statement in Chandler that administrative findings may be admissible in judicial proceedings.  (See Doc. 52, Ex. A.)  In other words, defendant did not argue that the EEOC decisions were admissible at trial in the instant matter, only that they may be admissible at trial in general.  Such a position is not "clearly inconsistent" with its current position that the Bench Decision and OFO Decision are inadmissible in the instant matter.  See New Hampshire, 532 U.S. at 750 (stating that one factor is that "a party's later position must be 'clearly inconsistent' with its earlier position"). Therefore, the court finds that defendant is not judicially estopped from seeking the exclusion of the EEOC decisions at issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM D. MORRIS,** | : | **CIVIL ACTION NO. 1:01-CV-1729** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DONALD H. RUMSFELD,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 27th day of March, 2007, upon consideration of plaintiff's motion in limine (Doc. 51), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion in limine (Doc. 51) is DENIED.[12]

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[12] The court is reluctant to foreclose plaintiff from raising new grounds for admission of the EEOC decisions, and, therefore, will not now rule that they are excluded from trial.  The court notes, however, that it is presently unaware of any circumstance that would cause it to alter its Rule 403 analysis.