IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM D. MORRIS**, | : | CIVIL ACTION NO. 1:01-CV-1729 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DONALD H. RUMSFELD**, | : | |
| Defendant | : | |

### ORDER

AND NOW, this 23rd day of April, 2007, upon consideration of plaintiff's motion in limine (Doc. 62) seeking a ruling that neither of the Reports of Investigation ("ROI")[1] are admissible under Rule 803(8)(C) of the Federal Rules of Evidence,[2] and the order of court dated March 26, 2007 (Doc. 59) directing the parties to file briefs in opposition to any motions in limine by April 17, 2007 and

---

[1] Two Equal Employment Opportunity Commission ("EEOC") proceedings involving plaintiff were the subject of separate contract investigations, resulting in the two ROIs at issue in the instant motion.

[2] Rule 803(8)(C) of the Federal Rules of Evidence states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> * * *
>
> (8) Public records and reports.  Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

FED. R. EVID. 803(8)(C).

advising that failure to do so would result in the motion being deemed unopposed, see L.R. 7.6, and it appearing that defendant has not filed a brief in opposition as of the date of this order, and the court finding that the circumstances surrounding the creation of the ROIs indicates a lack of trustworthiness,[3] see FED. R. EVID. 803(8)(C); id. advisory committee's note (setting forth the following non-exhaustive list of factors to consider in evaluating trustworthiness: "(1) the timeliness of the investigation, (2) the special skill or experience of the official, (3) whether a hearing was held and the level at which conducted, (4) possible motivation problems" (internal citations omitted)); see also Coleman v. Home Depot, Inc., 306 F.3d 1333, 1342 & n.4 (3d Cir. 2002),[4] it is hereby ORDERED that:

1. The motion in limine (Doc. 62) is GRANTED.

2. Neither of the Reports of Investigation are admissible under Rule 803(8)(C) of the Federal Rules of Evidence. The court expresses no opinion on whether portions of these reports are admissible under other rules.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] The private investigators were hired by plaintiff's employer, who was the subject of plaintiff's EEOC complaints. The ROIs were created in anticipation of future litigation. (See Doc. 63 at 4.)

[4] Plaintiff also argues that the factual findings of the ROIs should be excluded under Rule 403 of the Federal Rules of Evidence. However, the court need not address this issue at this time because plaintiff avers that defendant seeks admission of the ROIs under Rule 803(8)(C) and the court finds them inadmissible under this rule.